**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR SALINAS-ZAPATA, AKA Julio Cesar Salinas-Zepata, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71125 <br><br> Agency No. A094-822-012 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Julio Cesar Salinas-Zapata, a native and citizen of Peru, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Salinas-Zapata established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). The record does not support Salinas-Zapata's contention that the IJ did not consider his claim that depression excused his untimely filing. Thus, we deny the petition as to his asylum claim.

Salinas-Zapata fears he will be an outcast in Peruvian society, and a target for crime and discrimination based on his appearance, limited Spanish-language ability, and American acculturation. Substantial evidence supports the IJ's finding that Salinas-Zapata failed to establish it is more likely than not that he will face persecution in Peru. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, we deny the petition as to his withholding of removal claim.

Substantial evidence also supports the agency's denial of Salinas-Zapata's CAT claim because he failed to show that it is more likely than not that he would

be tortured by or with the consent or acquiescence of the government if returned to Peru. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we do not consider the new evidence in Salinas-Zapata's opening brief regarding cancellation of removal because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996). Salinas-Zapata does not challenge the findings the IJ made in denying cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). We lack jurisdiction to review any challenge Salinas-Zapata makes to the BIA's December 7, 2010, order, because Salinas-Zapata did not file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**